**NOT FOR PUBLICATION**

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| MELISSA PRISCILLA MORALES, | No. 16-55393 |
| Plaintiff-Appellant, | D.C. No. 5:15-cv-00899-JEM |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
John E. McDermott, Magistrate Judge, Presiding

Submitted December 14, 2017[**]
Pasadena, California

Before: REINHARDT, GILMAN,[***] and WARDLAW, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Ronald Lee Gilman, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Melissa Morales appeals the district court's decision affirming the denial of her application for disability insurance benefits under Title II of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291, we review the district court's order *de novo*, *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017), and we affirm.

1.     The ALJ did not err in discounting Dr. Shinada's residual functional capacity evaluation ("RFC"). The ALJ gave "specific and legitimate reasons" for discounting Dr. Shinada's RFC: it conflicted with his own treatment notes, the records of other examining physicians, and Morales' testimony about her activities. *Id.* at 675. In contrast with the severe disability depicted in Dr. Shinada's RFC, his treatment notes document reasonably stable, well-controlled lupus. Furthermore, the limitations in Dr. Shinada's RFC were not corroborated by Dr. Lai, Dr. Wallace, Dr. Hwang, or Dr. Abejuela, none of whom reported significant limitations in Morales' hands, arms, joints, or legs, or by Morales' testimony, which did not mention any such limitations but recounted daily exercise, errands, and weekly classes. The ALJ's reasons were set out with a "detailed and thorough summary of the facts and conflicting clinical evidence," followed by the ALJ's interpretation of that evidence and the ALJ's findings. *Id.* (quoting *Magallanes v.*

*Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).  Therefore the ALJ's discounting of Dr. Shinada's RFC was not erroneous.

2.      Nor did the ALJ err by finding Morales not wholly credible.  The ALJ offered four "specific, clear and convincing" reasons for his credibility determination.  *Id.* at 679.  Morales' claim that she was continuously too fatigued to work was inconsistent with her symptom reports of intermittent and mild joint pain and fatigue, her daily activities, the lack of objective clinical findings, and her intermittent discontinuation of her medication.  The constellation of all four sources of inconsistency, presented in detail and at length by the ALJ, present sufficiently clear and convincing reasons to find Morales not wholly credible.

**AFFIRMED.**